FILED
8-5-26
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "BossHogg"
a/k/a "Slime God"
BLAKE BAKER
RAYMOND CASH
a/k/a "Lil Ray"
a/k/a "NoFace"
a/k/a "K4T NoFace,"
ANDRE DRINKS
a/k/a "Heavy"
a/k/a "Black"
a/k/a "Dre"
JACOB GOODMAN
a/k/a "No Face"
a/k/a "ahknofaxe3,"
GARY HARRIS
RODERICK LEON
a/k/a "Rico"
DEVIN MCFADDEN
a/k/a "Ham"
a/k/a "Hamma"
a/k/a "Hamma T"
a/k/a "Hammatank"
DEVONNE RIVERS
a/k/a "Rivers"
RASHAWN RANKIN
a/k/a "Ra Ra"
a/k/a "Rasta"

CASE NO. 3:26-cr-170-MMH-LLL
18 U.S.C. § 1962(d)
(RICO Conspiracy)
21 U.S.C. § 846
(Drug Trafficking Conspiracy)
21 U.S.C. § 856(a)(1) and (b)
(Maintaining Drug Premises)
18 U.S.C. § 924(c)
(possessing firearms in furtherance of drug trafficking crimes)
18 U.S.C. § 1958(a)
(murder for hire and conspiracy to commit murder for hire)
18 U.S.C. § 924(j)
(use and possession of firearms during and in relation to and in furtherance of crimes of violence, including crimes resulting in death)
18 U.S.C. § 1503
(obstruction of justice)

DA'VEON SMITH
a/k/a "Day Day"
a/k/a "PFC Day Day"
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp"
TERRANCE WILLIAMS
a/k/a "Boulevard Bebe"
a/k/a "Bebe"

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
## (RICO Conspiracy)

### A. The Enterprise

1. At various times relevant to this Indictment, the defendants,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "BossHogg"
a/k/a "Slime God,"
BLAKE BAKER,
RAYMOND CASH
a/k/a "Lil Ray"
a/k/a "NoFace"
a/k/a "K4T NoFace,"
ANDRE DRINKS
a/k/a "Heavy"
a/k/a "Black"
a/k/a "Dre,"
JACOB GOODMAN
a/k/a "No Face"

a/k/a "ahknofaxe3,"
GARY HARRIS,
RODERICK LEON
a/k/a "Rico,"
DEVIN MCFADDEN
a/k/a "Ham"
a/k/a "Hamma"
a/k/a "Hamma T"
a/k/a "Hammatank,"
DEVONNE RIVERS
a/k/a "Rivers,"
RASHAWN RANKIN
a/k/a "Ra Ra"
a/k/a "Rasta,"
DA'VEON SMITH
a/k/a "Day Day"
a/k/a "PFC Day Day,"
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp," and
TERRANCE WILLIAMS
a/k/a "Boulevard Bebe"
a/k/a "Bebe,"

and others known and unknown to the Grand Jury, were members and associates of a criminal organization that operated in the Middle District of Florida and elsewhere. During all times relevant to this Indictment, the organization was led primarily by BRIAN GREGORY BRIGHTMAN.

2. The organization has existed under various names, including Pearl World, BB4L (Block Burners for Life), K4T (Killers for Telly), and Slime World. Beginning on an unknown date, but no later than 2019, the group began calling itself K4T and, in or about 2023, the group began calling

itself Slime. In its most recent iteration, the criminal organization was known as "Slime" and will be referred to as such herein.

3. The Slime organization existed primarily to generate revenue through various criminal activities such as drug trafficking and robberies. The organization's primary means of generating income was through drug trafficking, wherein members and associates of the organization operated various houses for the purpose of selling, and from which they sold, drugs and stored firearms (hereinafter referred to as "trap houses"). The Slime organization also used violence and intimidation to establish the group's dominance in the greater Jacksonville area, protect its territory, encroach on rivals' territory and trap houses, and maintain its drug trafficking operation. This violence and intimidation included assaults, shootings, attempted murders, and murder.

4. BRIGHTMAN led the Slime organization in conjunction with older members, who were primarily involved in the drug trafficking side of the enterprise and were at the top of the organization. The older members generally operated trap houses and were occasionally asked to commit acts of violence. At the bottom of the enterprise were younger members and associates. These younger members and associates committed, and aided and abetted the commission of, acts of violence in furtherance of the Slime organization. At

times, younger members and associates of Slime also received promises of payment, or payments, and increased status in the organization. Additionally, in conjunction with members who operated trap houses, the organization often used associates to operate as midlevel drug dealers.

5. Slime was primarily active in the Northside and Oceanway neighborhoods of the greater Jacksonville, Florida area.

6. At times, members and associates of Slime identified themselves as members of the organization on social media accounts such as Facebook, Instagram, Spaces, and Clubhouse, wearing clothing with "Slime," "BB4L," "K4T," "Slime World," and/or Slime insignia depicted on it, and by participating in music videos in which they claimed membership or association with Slime. Members and associates of Slime regularly filmed music videos in which they wore merchandise with Slime insignia and made Slime hand signs to show their membership in the organization. Moreover, some rap lyrics referenced specific acts of violence the group had committed to serve as a warning to rival groups. At times, members of Slime referred to each other as "slime" or used "slime" as a verb to describe robbing or killing members of opposition groups or rival gangs.

7. The Slime organization, including its leaders, members, and associates, constituted an "enterprise" as defined in 18 U.S.C. § 1961(4),

that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce ("Slime" or "the Enterprise"). The Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

**B. <u>Purposes of the Slime Enterprise</u>**

8. The purposes of the Slime Enterprise included, but were not limited to, the following:

a. promoting and enhancing the reputation and position of the Enterprise with respect to rival criminal organizations and opposition groups;

b. preserving and expanding the power, territory, and reputation of the Enterprise through intimidation, threats of violence, and acts of violence, including assault, shootings, robbery, attempted murder, and murder;

c. keeping rivals and opposition groups in fear of the Enterprise and its members and associates through threats of violence and acts of violence;

d. enriching members and associates of the Enterprise through criminal activity, including robbery and drug trafficking; and

e. ensuring discipline within the Enterprise and compliance with the Enterprise's rules by members and associates through threats of violence and acts of violence.

### C. Means and Methods of the Slime Enterprise

9. Among the means and methods by which members and associates of Slime conducted and participated in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of Slime committed, attempted to commit, conspired to commit, and threatened to commit acts of violence, including acts involving assault, robbery, and murder, to enhance the Enterprise's reputation and protect and expand the Enterprise's criminal operations.

b. Members and associates of Slime used and threatened to use physical violence against various individuals, including members of rival criminal groups or individuals suspected of committing violence against Slime members and associates, to serve as a warning that Slime was willing and able to retaliate if any opposition groups tried to interfere with Slime, its members and associates, or its drug trafficking operation.

c. Members and associates of Slime distributed, and possessed with intent to distribute, controlled substances in order to make

money for the Enterprise and its members and associates.

d. Members and associates of Slime operated trap houses, *i.e.*, houses from which they sold, and possessed with intent to sell, controlled substances to generate revenue for the Enterprise and its members and associates.

## D. The Racketeering Conspiracy

10. Beginning on an unknown date but no later than in or about 2019, and continuing through on or about the date of this Indictment, in the Middle District of Florida and elsewhere, the defendants,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "BossHogg"
a/k/a "Slime God,"
BLAKE BAKER,
RAYMOND CASH
a/k/a "Lil Ray"
a/k/a "NoFace"
a/k/a "K4T NoFace,"
ANDRE DRINKS
a/k/a "Heavy"
a/k/a "Black"
a/k/a "Dre,"
JACOB GOODMAN
a/k/a "No Face"
a/k/a "ahknofaxe3,"
GARY HARRIS,
RODERICK LEON
a/k/a "Rico,"
DEVIN MCFADDEN
a/k/a "Ham"

a/k/a "Hamma"
a/k/a "Hamma T"
a/k/a "Hammatank,"
DEVONNE RIVERS
a/k/a "Rivers,"
RASHAWN RANKIN
a/k/a "Ra Ra"
a/k/a "Rasta,
DA'VEON SMITH
a/k/a "Day Day"
a/k/a "PFC Day Day,"
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp," and
TERRANCE WILLIAMS
a/k/a "Boulevard Bebe"
a/k/a "Bebe,"

and others known and unknown to the Grand Jury, each being a person employed by and associated with Slime, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly, willfully, and unlawfully conspired with each other to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Slime Enterprise through a pattern of racketeering activity, as defined in 18 U.S.C. §§ 1961(1) and (5), which pattern of racketeering activity consisted of:

a. multiple acts involving:

i. murder, chargeable under Florida Statutes §§ 782.04, 777.011, and 777.04; and

ii. robbery, chargeable under Florida Statutes §§ 812.13, 777.011, and 777.04; and

b. multiple offenses involving drug trafficking, in violation of 21 U.S.C. §§ 841, 846, and 856.

11. It was further part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

**E. <u>Overt Acts</u>**

12. In furtherance of the conspiracy and to accomplish the object of the conspiracy, the defendants, BRIGHTMAN, BAKER, CASH, DRINKS, GOODMAN, HARRIS, LEON, MCFADDEN, RIVERS, RANKIN, SMITH, WATSON JR., WILLIAMS, and others known and unknown to the Grand Jury committed, within the Middle District of Florida and elsewhere, the following overt acts, among others:

a. Beginning on an unknown date but no later than in or about 2019, and continuing through on or about the date of this Indictment, BRIGHTMAN, BAKER, CASH, DRINKS, GOODMAN, HARRIS, LEON, MCFADDEN, RIVERS, RANKIN, SMITH, and WILLIAMS conspired with each other and others to distribute and possess with intent to distribute controlled substances, including marihuana, cocaine, MDMA (3,4-

Methylenedioxymethamphetamine), crack cocaine, fentanyl, and methamphetamine.

b. In or about August 2021, BRIGHTMAN solicited Slime members including CASH, MCFADDEN, and others, to murder F.M., a rival gang member.

c. Beginning on an unknown date, no later than on or about April 6, 2022, through on or about October 13, 2022, BRIGHTMAN and others, maintained a "trap house" located on West 23rd Street in Jacksonville, Florida, for the purpose of distributing controlled substances, including cocaine, maintaining firearms, and conducting enterprise meetings.

d. Beginning on an unknown date, but no later than on or about October 5, 2022, BRIGHTMAN and others, maintained a "trap house" located on 22nd Street in Jacksonville, Florida, for the purpose of storing controlled substances, including crack cocaine and marijuana, and firearms.

e. On or about October 13, 2022, BRIGHTMAN solicited a Slime member and Slime associate to murder B.M., a rival gang member.

f. On or about October 13, 2022, after law enforcement attempted to apprehend that same Slime member and associate,

BRIGHTMAN directed the Slime member to throw the firearm out the car window.

g. Beginning on or about November 30, 2022, and continuing through on or about December 1, 2022, BRIGHTMAN transported approximately 70 pounds of marihuana from California to Florida.

h. Beginning on an unknown date, but no later than on or about November 21, 2022, and continuing through on or about January 12, 2023, BRIGHTMAN, CASH, DRINKS, HARRIS and others maintained a "trap house" located on Hall Road in Jacksonville, Florida, for the purpose of distributing controlled substances, including methamphetamine, crack cocaine, marihuana, and fentanyl.

i. On or about December 19, 2022, BRIGHTMAN directed K.G. to go to a Slime "trap house" on Walnut Street under the ruse that BRIGHTMAN would be facilitating a drug deal. When K.G. and others, including D.S., arrived at the location, CASH, HARRIS, and another Slime member robbed them of the marihuana at gunpoint.

j. On or about December 29, 2022, BRIGHTMAN possessed a firearm, which was hidden in an underground compartment at a Slime "trap house" on Hall Street.

k. On or about January 2, 2023, HARRIS possessed a firearm at a Slime "trap house" on Hall Street.

l. Beginning on or about January 2, 2023, and continuing through or about January 9, 2023, in Florida and California, BRIGHTMAN and CASH shipped approximately 20 pounds of marihuana from California to the greater Jacksonville area. Afterward, BRIGHTMAN and CASH were involved in a high-speed chase with law enforcement, leading to the recovery of $42,000 in cash from their vehicle and a receipt for the package that was shipped to Jacksonville.

m. On an unknown date, but no earlier than in or about July 2023 and no later than on or about September 1, 2023, BRIGHTMAN gave a firearm to a Slime associate in order to threaten a rival drug dealer and protect Slime's territory.

n. Beginning on an unknown date, but including on or about September 1, 2023, BRIGHTMAN and DRINKS maintained a "trap house" located on Fields Road in Jacksonville, Florida, for the purpose of distributing controlled substances.

o. In or about October 2023, GOODMAN and another Slime member filmed themselves in possession of a large amount of marihuana and a firearm while saying "Slime world."

p. Beginning on or about November 27, 2023, and continuing through on or about November 29, 2023, BRIGHTMAN enlisted others, including GOODMAN, to murder D.S.S., who was associated with an opposing group, to avenge the death of a Slime member and intimidate rival groups.

q. Beginning on or about November 27, 2023, and continuing through on or about November 29, 2023, BRIGHTMAN and GOODMAN planned to kill, and communicated with each other and others about killing, D.S.S., who was associated with an opposing group in order to avenge the death of a Slime member and intimidate rival groups.

r. On or about January 29, 2024, BRIGHTMAN, with another Slime member, assaulted a lower-level drug dealer and user to enforce a drug debt owed to the Slime Enterprise.

s. Beginning on an unknown date, but no later than on or about March 11, 2024, and continuing through no later than on or about April 7, 2024, BRIGHTMAN enlisted other Slime members, including WATSON JR. and RIVERS to murder A.B., who was associated with an opposing group, to retaliate for a previous shooting against Slime and intimidate rival groups.

t. Beginning on an unknown date, but no later than on or about March 11, 2024, and continuing through no later than on or about April 7, 2024, RIVERS, and WATSON JR. agreed with BRIGHTMAN, along with others, to kill A.B., who was associated with an opposing group, to retaliate for a previous shooting against Slime and intimate rival groups.

u. On or about April 7, 2024, RIVERS and WATSON JR. killed A.B., who was associated with an opposing group, on behalf of the Slime Enterprise to retaliate against that group and to intimidate any rival groups and gangs.

v. On or about April 7, 2024, RIVERS and WATSON JR. killed T.W., who was present with A.B., a member of an opposing group, to eliminate a witness to the murder of A.B.

w. On or about August 9, 2024, MCFADDEN provided marihuana on behalf of BRIGHTMAN to one of Slime's "trap houses" on Main Street, so that a Slime associate could sell it to a customer.

x. Beginning on an unknown date, but no later than on or about July 1, 2024, and continuing through on or about December 20, 2024, MCFADDEN, SMITH, and others maintained a trap house located on Woodbine Road in Jacksonville, Florida, for the purpose of distributing

controlled substances including cocaine, maintaining firearms, and conducting enterprise meetings.

y. Beginning on an unknown date, but no later than on or about July 18, 2024, and continuing through on or about September 11, 2024, RANKIN, SMITH, and others, maintained a Slime trap house located on Main Street in Jacksonville, Florida, for the purpose of distributing controlled substances.

z. Beginning no later than on or about August 7, 2024, and ending no later than on or about September 11, 2024, BAKER, DRINKS, RANKIN, SMITH, and others maintained a pull-behind camper, in Jacksonville, Florida, for the purpose of operating a mobile "trap house" to distribute controlled substances on behalf of the Slime organization.

aa. On or about August ~~12~~ 28, 2024, RIVERS and SMITH concealed a firearm to avoid detection by law enforcement when another Slime associate was pulled over during a traffic stop after leaving a Slime "trap house" on West 16th Street.

bb. Beginning on an unknown date, but no later than on or about September 11, 2024, BRIGHTMAN and others maintained a trap house located on West 16th Street, sometimes referred to within the Enterprise

as "Pearl Street" in Jacksonville, Florida, for the purpose of distributing controlled substances and maintaining firearms.

cc. Beginning on an unknown date, but no later than on or about August 23, 2024, and continuing through on or about December 20, 2024, BRIGHTMAN, LEON, RANKIN, RIVERS, SMITH, and WILLIAMS maintained a trap house located on New Berlin Road, referred to within the Slime Enterprise as the "Slime Farm" or "Blueberry Farm," in Jacksonville, Florida, for the purpose of distributing controlled substances and maintaining firearms.

dd. On an unknown date no earlier than September 11, 2024, and no later than on or about December 10, 2024, BAKER entered the home of a drug dealer and Slime associate, threatened her with a firearm, and assaulted her domestic partner to enforce a drug debt owed to the Slime Enterprise.

ee. On or about November 28, 2024, MCFADDEN shot a firearm and attempted to destroy evidence related to a shooting at a trap house on Woodbine Road in Jacksonville, Florida, by stomping on shell casings to prevent law enforcement from collecting them.

ff. Beginning on an unknown date, but no later than on or about December 9, 2024, and continuing through on or about December 11,

2024, RIVERS and WILLIAMS conspired with each other and others to kill another gang member, J.J., which was motivated, in part, out of a desire to intimidate rivals and encourage Slime members and associates to commit acts of violence.

gg. On or about December 11, 2024, RIVERS and WILLIAMS shot and attempted to kill J.J., in part, to intimidate any rival groups and gangs on behalf of the Slime Enterprise.

hh. On or about December 11, 2024, RIVERS and WILLIAMS attempted to conceal evidence of the attempted murder of J.J. by abandoning the stolen car they were driving during the attempted murder and in which they fled the scene of the attempted murder.

ii. On or about December 16, 2025, DRINKS solicited a physical attack on an individual that DRINKS perceived to be providing evidence against the Slime Enterprise, causing injury to that individual.

**F. Notice of Special Sentencing Factors**

13. As part of their agreement to conduct and participate in the conduct of the affairs of the Slime Enterprise through a pattern of racketeering activity, the following defendants committed the following acts:

a. Beginning on or about November 27, 2023, and continuing through on or about November 29, 2023, in the Middle District of Florida, the defendant,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "BossHogg"
a/k/a "Slime God,"

did hire and procure the willful and unlawful killing of a human being, that is, D.S.S., with a premediated design to affect the death of D.S.S., and such killing and death of D.S.S. was committed, in violation of Florida Statutes §§ 782.04(1)(a)(1) and 777.011.

b. On or about December 19, 2022, in the Middle District of Florida, the defendants,

RAYMOND CASH
a/k/a "Lil Ray"
a/k/a "NoFace"
a/k/a "K4T NoFace," and
GARY HARRIS,

while aiding and abetting each other, did unlawfully take property which may be the subject of a larceny, to wit, marihuana, from the person of another, that is K.G. and D.S., with intent to permanently deprive K.G. and D.S. of said property, and in the course of such taking, used force, violence, and assault and placed K.G. and D.S. in fear, and in the course of conducting said robbery, did

carry one or more firearms, in violation of Florida Statutes §§ 812.13(1) and (2)(a), and 777.011.

c. On or about April 7, 2024, in the Middle District of Florida, the defendant,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "BossHogg"
a/k/a "Slime God,"

did hire and procure the willful and unlawful killing of a human being, that is, A.B., with a premediated design to affect the death of A.B., and such killing and death of A.B. was committed, in violation of Florida Statutes §§ 782.04(1)(a)(1) and 777.011.

d. On or about April 7, 2024, in the Middle District of Florida, the defendants,

DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

while aiding and abetting each other, did willfully and unlawfully kill a human being, that is, A.B., with a premediated design to affect the death of A.B., in violation of Florida Statutes §§ 782.04(1)(a)(1) and 777.011.

e. On or about April 7, 2024, in the Middle District of Florida, the defendants,

DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

while aiding and abetting each other, did willfully and unlawfully kill a human being, that is, T.W., with a premediated design to affect the death of T.W., in violation of Florida Statutes §§ 782.04(1)(a)(1), and 777.011.

f. On or about December 11, 2024, in the Middle District of Florida, the defendants,

DEVONNE RIVERS
a/k/a "Rivers," and
TERRANCE WILLIAMS
a/k/a "Boulevard Bebe"
a/k/a "Bebe,"

while aiding and abetting each other, did attempt to willfully and unlawfully kill a human being, that is, J.J., with a premediated design to affect the death of J.J., in violation of Florida Statutes §§ 782.04(1)(a)(1), 777.011, 777.04, and 775.087(1)(a).

All in violation of 18 U.S.C. § 1962(d).

**COUNT TWO**
**(Drug Trafficking Conspiracy)**

Beginning on an unknown date, but no later than in or about April 2022, and continuing through on or about the date of this Indictment, in the Middle District of Florida, and elsewhere, the defendants,

BLAKE BAKER,
RAYMOND CASH
a/k/a "Lil Ray"
a/k/a "NoFace"
a/k/a "K4T NoFace,"
ANDRE DRINKS
a/k/a "Heavy"
a/k/a "Black"
a/k/a "Dre,"
JACOB GOODMAN
a/k/a "No Face"
a/k/a "ahknofaxe3,"
GARY HARRIS,
RODERICK LEON
a/k/a "Rico,"
DEVIN MCFADDEN
a/k/a "Ham"
a/k/a "Hamma"
a/k/a "Hamma T"
a/k/a "Hammatank,"
DEVONNE RIVERS
a/k/a "Rivers,"
RASHAWN RANKIN
a/k/a "Ra Ra"
a/k/a "Rasta,"
DA'VEON SMITH
a/k/a "Day Day"
a/k/a "PFC Day Day," KAS
~~TARVARES WATSON JR.~~ RL
~~a/k/a "Dooda"~~
~~a/k/a "Doodastrapp,~~" and
TERRANCE WILLIAMS
a/k/a "Boulevard Bebe"
a/k/a "Bebe,"

did knowingly and willfully conspire with each other, BRIAN GREGORY BRIGHTMAN, a/k/a "B," a/k/a "Slime God," a/k/a "BossHogg," and

others, both known and unknown to the Grand Jury, to distribute controlled substances, including marihuana, a Schedule I controlled substance, and fentanyl, cocaine, cocaine base, and methamphetamine, all Schedule II controlled substances.

With respect to each defendant, the violation involved 50 grams or more of actual methamphetamine, a Schedule II controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

## COUNT THREE
## (Maintaining a Drug Premises)

Beginning on an unknown date, but no later than on or about December 19, 2022, and continuing through January 12, 2023, in the Middle District of Florida, the defendants,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg,"
RAYMOND CASH
a/k/a "Lil Ray"
a/k/a "NoFace"
a/k/a "K4T NoFace," and
GARY HARRIS,

while aiding and abetting each other and other persons, both known and unknown to the Grand Jury, did knowingly maintain a certain place located on Hall Road in Jacksonville, Florida, for the purpose of distributing controlled substances and maintaining firearms. The violation involved marihuana, a Schedule I controlled substance, and methamphetamine, crack cocaine, and fentanyl, all Schedule II controlled substances.

In violation of 21 U.S.C. §§ 856(a)(1) and (b), and 18 U.S.C. § 2.

## COUNT FOUR
## (Possessing a Firearm in Furtherance of a Drug Trafficking Crime)

On or about December 29, 2022, in the Middle District of Florida, the defendant,

BRIAN BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg,"

did knowingly use and carry a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a drug trafficking crime for which the defendant may be prosecuted in a Court of the United States, specifically, maintaining a Slime "trap house" as alleged in Count Three, Count Three being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

**COUNT FIVE**
**(Possessing a Firearm in Furtherance of a Drug Trafficking Crime)**

On or about January 2, 2023, in the Middle District of Florida, the defendant,

GARY HARRIS,

did knowingly use and carry a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a drug trafficking crime for which the defendant may be prosecuted in a Court of the United States, specifically, conspiracy to distribute controlled substances as alleged in Count Two above, Count Two being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

**COUNT SIX**
**(Conspiracy to Commit Murder for Hire)**

Beginning on an unknown date, but no later than on or about November 27, 2023, and continuing through in or about December 2023, in the Middle District of Florida, and elsewhere, the defendants,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg," and
JACOB GOODMAN
a/k/a "No Face"
a/k/a "ahknofaxe3,"

and others, both known and unknown to the Grand Jury, did intentionally conspire to use, and caused another person to use, any facility of interstate and foreign commerce, with the intent that the murder of another person be committed in violation of the laws of the state of Florida, as consideration for a promise and agreement to pay money and other items of pecuniary value. The foregoing resulted in the death and murder of D.S.S. on or about November 29, 2023, in the Middle District of Florida.

In violation of 18 U.S.C. § 1958(a).

**COUNT SEVEN**
**(Murder for Hire)**

Beginning on an unknown date, but no later than on or about November 27, 2023, and continuing through in or about December 2023, in the Middle District of Florida, and elsewhere, the defendants,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg," and
JACOB GOODMAN
a/k/a "No Face"
a/k/a "ahknofaxe3,"

while aiding and abetting each other and other persons, both known and unknown to the Grand Jury, did use, and caused another person to use, any facility of interstate and foreign commerce, with the intent that the murder of another person be committed in violation of the laws of the State of Florida, as

consideration for a promise and agreement to pay money and other items of pecuniary value. The foregoing resulted in the death and murder of D.S.S. on or about November 29, 2023.

In violation of 18 U.S.C. §§ 1958(a) and 2.

**COUNT EIGHT**
**(Conspiracy to Commit Murder for Hire)**

Beginning on an unknown date, but no later than on or about March 11, 2024, and continuing through in or about April 15, 2024, in the Middle District of Florida, and elsewhere, the defendants,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg,"
DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

and others, both known and unknown to the Grand Jury, did intentionally conspire to use, and caused another person to use, any facility of interstate and foreign commerce, with the intent that the murder of another person be committed in violation of the laws of the state of Florida, as consideration for a promise and agreement to pay money and other items of pecuniary value. The

foregoing resulted in the death and murder of A.B. and T.W. on or about April 7, 2024, in the Middle District of Florida.

In violation of 18 U.S.C. § 1958(a).

**COUNT NINE**
**(Murder for Hire)**

Beginning on an unknown date, but no later than on or about March 11, 2024, and continuing through in or about April 15, 2024, in the Middle District of Florida, and elsewhere, the defendants,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg," and
DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

while aiding and abetting each other and other persons, both known and unknown to the Grand Jury, did use, and caused another person to use, any facility of interstate and foreign commerce, with the intent that the murder of another person be committed in violation of the laws of the State of Florida, as consideration for a promise and agreement to pay money and other items of pecuniary value. The foregoing resulted in the death and murder of A.B. and T.W. on or about April 7, 2024, in the Middle District of Florida.

In violation of 18 U.S.C. §§ 1958(a) and 2.

**COUNT TEN**
**(Use of a Firearm in Furtherance of a Crime of Violence Resulting in Death)**

1. Paragraphs 1 through 9 of Count One of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. At all times relevant to this Indictment, Slime, the above-described enterprise, through its leaders, members, and associates engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), that is: multiple acts involving murder, chargeable under Florida Statutes §§ 782.04, 777.011, and 777.04; multiple acts involving robbery, chargeable under Florida Statutes §§ 812.13, 777.011, and 777.04; and multiple offenses involving drug trafficking, in violation of 21 U.S.C. §§ 841, 846, and 856.

3. On or about April 7, 2024, in the Middle District of Florida, the defendants:

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg,"
DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

as consideration for the receipt of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the Slime Enterprise, an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in the Slime Enterprise, aiding and abetting each other, murdered A.B., in violation of Florida Statutes §§ 782.04(1)(a)(1) and 777.011, in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

4. On or about April 7, 2024, in the Middle District of Florida, the defendants,

DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

while aiding and abetting each other, did knowingly use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which each defendant may be prosecuted in a court of the United States, namely the Murder of A.B. in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2, as alleged in the preceding paragraphs of this Count, and in furtherance of such crime of violence did possess one or more firearms, wherein one or more firearms was brandished and discharged in violation of 18 U.S.C. §§ 924(c) and 2, and in the course of said violation did cause the death of A.B. through the

use of one or more firearms, which killing constituted murder as defined by 18 U.S.C. § 1111.

In violation of 18 U.S.C. §§ 924(j)(1), and 2.

**COUNT ELEVEN**
**(Using a Firearm in Furtherance of a Violent Crime )**

On or about April 7, 2024, in the Middle District of Florida, the defendants,

DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

did each knowingly possess a firearm, in furtherance of a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, murder for hire as alleged in Count Nine above; Count Nine being incorporated by reference.

In violation of 18 U.S.C. § 924(c)(1)(A)(iii).

**COUNT TWELVE**
**(Use of a Firearm During and in Relation to a Crime of Violence)**

1. Paragraphs 1 through 9 of Count One of the Indictment are realleged and incorporated by reference as if fully set forth herein.

2. At all times relevant to this Indictment, Slime, the above-described

enterprise, through its leaders, members, and associates engaged in racketeering activity, as defined in 18 U.S.C. §§ 1959(b)(1) and 1961(1), that is: multiple acts involving murder, chargeable under Florida Statutes §§ 782.04, 777.011, and 777.04; multiple acts involving robbery, chargeable under Florida Statutes §§ 812.13, 777.011, and 777.04; and multiple offenses involving drug trafficking, in violation of 21 U.S.C. §§ 841, 846, and 856.

3. On or about April 7, 2024, in the Middle District of Florida, the defendants:

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg,"
DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

as consideration for the receipt of, and as consideration for a promise or agreement to pay, anything of pecuniary value from the Slime Enterprise, an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in the Slime Enterprise, aiding and abetting each other, murdered A.B., in violation of Florida Statutes §§ 782.04(1)(a)(1) and 777.011, in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

4. On or about April 7, 2024, in the Middle District of Florida, the

defendants,

DEVONNE RIVERS
a/k/a "Rivers," and
TARVARES WATSON JR.
a/k/a "Dooda"
a/k/a "Doodastrapp,"

while aiding and abetting each other, did knowingly use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which each defendant may be prosecuted in a court of the United States, namely the Murder of A.B. in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2, as alleged in the preceding paragraphs of this Count, and in furtherance of such crime of violence did possess one or more firearms, wherein one or more firearms was brandished and discharged in violation of 18 U.S.C. §§ 924(c) and 2, and in the course of said violation did cause the death of T.W. through the use of one or more firearms, which killing constituted murder as defined by 18 U.S.C. § 1111.

In violation of 18 U.S.C. §§ 924(j)(1), and 2.

**<u>COUNT THIRTEEN</u>**
**(Maintaining a Drug Premises)**

Beginning on an unknown date, but no later than on or about August 7, 2024, and continuing through on or about September 11, 2024, in the Middle District of Florida, the defendants:

BRIAN GREGORY BRIGHTMAN

a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg,"
BLAKE BAKER,
ANDRE DRINKS
a/k/a "Heavy"
a/k/a "Black"
a/k/a "Dre,"
RASHAWN RANKIN
a/k/a "Ra Ra"
a/k/a "Rasta," and
DA'VEON SMITH
a/k/a "Day Day"
a/k/a "PFC Day Day,"

while aiding and abetting each other and other persons, both known and unknown to the Grand Jury, did knowingly maintain a pull-behind camper, with a window covering with the slogan "International" on it in Jacksonville, Florida, for the purpose of distributing controlled substances. The violation involved fentanyl, methamphetamine, and cocaine, all Schedule II controlled substances.

In violation of 21 U.S.C. §§ 856(a)(1) and (b), and 18 U.S.C. § 2.

**COUNT FOURTEEN**
**(Maintaining a Drug Premises)**

Beginning on an unknown date, but no later than on or about August 23, 2024, and continuing through on or about December 20, 2024, in the Middle District of Florida, the defendants,

BRIAN GREGORY BRIGHTMAN
a/k/a "B"

a/k/a "Slime God"
a/k/a "BossHogg,"
RODERICK LEON
a/k/a "Rico,"
RASHAWN RANKIN
a/k/a "Ra Ra"
a/k/a "Rasta,"
DEVONNE RIVERS
a/k/a "Rivers,"
DA'VEON SMITH
a/k/a "Day Day"
a/k/a "PFC Day Day," and
TERRANCE WILLIAMS
a/k/a "Boulevard Bebe"
a/k/a "Bebe,"

while aiding and abetting each other and other persons, both known and unknown to the Grand Jury, did knowingly maintain a certain place located on New Berlin Road referred to within the Enterprise as the "Slime Farm" or "Blueberry Farm" in Jacksonville, Florida, for the purpose of distributing controlled substances and maintaining firearms. The violation involved both marihuana, a Schedule I controlled substance, and methamphetamine, cocaine, and fentanyl, all Schedule II controlled substances.

In violation of 21 U.S.C. §§ 856(a)(1) and (b), and 18 U.S.C. § 2.

**COUNT FIFTEEN**
**(Maintaining a Drug Premises)**

Beginning on an unknown date, but no later than on or about July 18, 2024, and continuing through on or about September 11, 2024, in the Middle District of Florida, the defendants:

BRIAN GREGORY BRIGHTMAN
a/k/a "B"
a/k/a "Slime God"
a/k/a "BossHogg,"
RASHAWN RANKIN
a/k/a "Ra Ra"
a/k/a "Rasta," and
DA'VEON SMITH
a/k/a "Day Day"
a/k/a "PFC Day Day,"

while aiding and abetting each other and other persons, both known and unknown to the Grand Jury, did knowingly maintain a certain place located on Main Street in Jacksonville, Florida, for the purpose of distributing controlled substances. The violation involved methamphetamine and fentanyl, both Schedule II controlled substances.

In violation of 21 U.S.C. §§ 856(a)(1) and (b), and 18 U.S.C. § 2.

**COUNT SIXTEEN**
**(Retaliating Against a Witness)**

On or about December 15, 2025, in the Middle District of Florida, the defendant:

ANDRE DRINKS
a/k/a "Heavy"
a/k/a "Black"
a/k/a "Dre,"

did engage in conduct and thereby cause bodily injury to another person, with the intent to retaliate against such person for providing information to a law enforcement officer relating to the commission and possible commission of a

federal offense.

In violation of 18 U.S.C. §§ 1513 and 2.

## NOTICE OF SPECIAL FINDINGS

Counts Six and Seven of the Indictment are realleged and incorporated by reference as though fully set forth herein.

As to Counts Six and Seven, defendant JACOB GOODMAN:

1. Was 18 years or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

3. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

4. Committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8)); and

5. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

Counts Eight, Nine, Ten, and Twelve are realleged and incorporated by reference as through fully set forth herein.

As to Counts Eight, Nine, Ten, and Twelve, defendants DEVONNE RIVERS, and TARVARES WATSON JR.:

1. Were 18 years or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed the victims, A.B. and T.W. (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victims (18 U.S.C. 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. Committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (18 U.S.C. § 3592(c)(8));

7. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8. Intentionally killed or attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

Counts Six, Seven, Eight, and Nine are realleged and incorporated by reference as through fully set forth herein.

As to Counts Six, Seven, Eight, and Nine, the defendant, BRIAN GREGORY BRIGHTMAN:

1. Was 18 years or older at the time of the offense (18 U.S.C. § 3591(a));
2. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));
3. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));
4. Procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value (18 U.S.C. § 3592(c)(7));
5. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and
6. Was previously convicted of two or more state or federal offenses punishable by a term imprisonment of more than one year, committed on different occasions, involving the distribution of a controlled substance (18 U.S.C. § 3592(c)(10)).

All pursuant to 18 U.S.C. §§ 3591 and 3592.

**FORFEITURE**

1. The allegations contained in Counts One through Sixteen of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to U.S.C. § 924(d), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1963, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1962, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 1963:

a. any interest acquired or maintained in violation of 18 U.S.C. § 1962;

b. any interest in, security of, claims against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and

c. any property constituting, or derived from, any proceeds which the defendants obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962.

3. Upon conviction of a violation of 21 U.S.C. §§ 846 or 856, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4. Upon conviction of a violation of 18 U.S.C. §§ 924(c) or 924(j), the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and

28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

5. Upon conviction of a violation of 18 U.S.C. § 1958, the defendants shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense and, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms involved in the offense.

6. The property to be forfeited includes, but is not limited to, the following:

a. $5,193.00 in U.S. Currency, seized on or about January 8, 2025;

b. $6,709.00 in U.S. Currency, seized on or about September 30, 2025;

c. a Cartier Santos watch with diamonds, seized on or about September 11, 2024;

d. a custom 2" round diamond pendant with "K4T" and "Forever Telly", seized on or about September 11, 2024;

e. a rose gold Cuban link 17 ¾ necklace with diamonds, seized on or about September 11, 2024;

f. a yellow gold ring with diamonds and "K4T", "Always Brandon", and "4EVER Telly", seized on or about September 11, 2024; and

g. a white gold diamond ring, seized on or about September 11, 2024.

7. If any of the property described above, as a result of any act or omission by the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred, sold to or deposited with a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 18 U.S.C. § 1963(m) and 21 U.S.C. § 853(p) directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

[redacted]

Foreperson

GREGORY W. KEHOE
United States Attorney

By: RACHEL LASRY
Assistant United States Attorney

By: KELLI A. SWANEY
Assistant United States Attorney

By: MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
8/4/26 Revised

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

BRIAN GREGORY BRIGHTMAN, ET AL
a/k/a "B"
a/k/a "Boss Hogg"
a/k/a "Slime God"

# INDICTMENT

| | | |
|---|---|---|
| Violations: | Ct. 1: | 18 U.S.C. § 1962(d) |
| | Ct. 2: | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 |
| | Cts. 3, 13, 14, 15: | 21 U.S.C. §§ 856(a)(1) & (b), and 18 U.S.C. § 2 |
| | Cts. 4-5: | 18 U.S.C. § 924(c)(1)(A)(i) |
| | Cts. 6, 8: | 18 U.S.C. § 1958(a) |
| | Cts. 7, 9: | 18 U.S.C. §§ 1958(a) and 2 |
| | Cts. 10, 12: | 18 U.S.C. §§ 924(j)(1) and 2 |
| | Cts. 11: | 18 U.S.C. § 924(c)(1)(A)(iii) |
| | Ct. 16: | 18 U.S.C. §§ 1513 and 2 |

A true bill, [redacted]

Foreperson

Filed in open court this 5th day
of August, 2026.

Clerk

Bail $____________________

GPO 863 525