UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

CASE No. 3:26-cr-170-MMH-LLL

v.

BRIAN GREGORY BRIGHTMAN, et al.

**UNITED STATES' MOTION**
**FOR DISCOVERY PROTECTIVE ORDER**

The United States of America, pursuant to Rule 16(d), Federal Rules of Criminal Procedure, files this motion for the entrance of a protective order to govern the above-captioned case,[1] and in support states as follows:

Defendants Rashawn Rankin, Devin McFadden, Da'veon Smith, and Blake Baker have had their initial appearances in federal court on the above-captioned, 16-count, 13-person Indictment. Rankin and Smith have also been arraigned on the charges. The United States expects that the nine remaining indicted defendants will be in federal court in the coming weeks, and in short-order, the United States will need to provide discovery. The discovery materials that the United States intends to produce pursuant to its discovery obligations under Rule 16, Federal Rules of Criminal Procedure, include sensitive data, documents, downloads, and photographs, as well

[1] As of August 11, 2026, four of the 13 defendants have been advised of the Indictment returned in the above-captioned case. The United States, nevertheless, requests that the proposed protective order be applied to all of the defendants.

as certain law enforcement sensitive information related to the investigation into a violent criminal gang, whose acts are outlined in the above-captioned Indictment.

Rule 16(d) of the Federal Rules of Criminal Procedure provides that, a court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The dissemination of the materials subject to the United States' discovery obligations could seriously jeopardize the safety of the defendants themselves and other witnesses and victims of the crimes outlined in the Indictment. Further, the Slime enterprise has a history of violence against individuals it perceives to be cooperating against or harming the Enterprise. *See, e.g.*, Count 16 of the Indictment. Moreover, Federal investigators have become aware that, since the unsealing of the Indictment on August 10, 2026, at least one member of the enterprise has made efforts to intimidate individuals who he perceives to be cooperating, including by making thinly-veiled threats to spread the discovery to the community, including through his family members. Another associate of this individual threatened to "push-up" on person(s) they perceive to be building a case against the indicted defendants as an apparent means to pressure and intimidate witnesses and dissuade participation in this matter. Law enforcement has further been advised that within the last week, an unrelated family member of another perceived witness was threatened with harm while in public. Additionally, crucially, one of the charged co-defendants is out-of-custody and at large in the Jacksonville community and the sharing of discovery materials publicly would give him reason to evade law enforcement and tamper with evidence.

Therefore, the United States respectfully requests that this Honorable Court enter a discovery protective order: 1) requiring that the discovery material not be left at the pre-trial detention facilities with the defendants; 2) ordering that the defense not share discovery materials to anyone other than counsel and members of the defense team, like investigators and paralegals; 3) prohibiting the sharing of discovery materials with family members and associates of the defendant; 4) prohibiting the publication or sharing of discovery materials on online forums, including but not limited to Telegram, Reddit, and Facebook, which may incite violence in the community as well as endanger witnesses and named defendants in this matter.

The United States has conferred with counsel for defendant Smith, and he has no objection to the relief requested. Counsel for defendant Baker requested additional time to speak to his client regarding the matter, and counsel for defendant McFadden has not responded to the United States' request for his position on this Motion. Mr. Landes, counsel for defendant Rankin, opposes the requested relief. Due to the nature of the requested relief, the United States respectfully requests that the Court stay the discovery deadline, currently set for Friday, August 14, 2026, until the relief requested can be ruled upon.

Wherefore, the United States respectfully submits it has shown good cause for the restriction of discovery in this manner under Rule 16(d) and respectfully requests that this Court enter a discovery protective order containing the terms requested herein.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/ Rachel Lasry*
RACHEL LASRY
Assistant United States Attorney
Florida Bar No. 1051371

By: s/ Kelli A. Swaney
Assistant United States Attorney
Florida Bar No. 91759

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: Rachel.lasry@usdoj.gov